IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL SHANE WILMOTH,

    **Plaintiff,**

    v.                                                               CASE NO. 22-3087-SAC

CRAWFORD COUNTY SHERIFF, et al.,

    **Defendants.**

## O R D E R

Plaintiff, Michael Shane Wilmoth, who is currently detained at the Crawford County Jail in Girard, Kansas ("CCJ"), brings this *pro se* civil rights case. Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff alleges in his Complaint that staff at the CCJ are not providing him with adequate calories and are mishandling the food. Plaintiff also claims that he is not being provided with proper medical care because he is being transferred to Arkansas. Plaintiff alleges that he is being denied a "Rehabilitation Treatment Center" because he lives in Arkansas. (Doc. 1, at 6.) Plaintiff also alleges that he is being denied legal supplies and access to the courts. Plaintiff also alleges a speedy trial violation. *Id*. Plaintiff alleges that staff at the CCJ told him that Arkansas would be coming to get Plaintiff and they could provide him with medical attention. *Id*. at 7. Plaintiff acknowledges that he was seen by medical staff at the CCJ and was told that he was not in need of medical or mental healthcare. *Id*. at 8. Plaintiff claims his foot and leg were swollen and bruised and he could not walk on his foot properly. *Id*. Plaintiff claims he also has a "skin condition, " Hepatitis C, "lumps in [his] lungs," and "mental health

disorders." *Id*. at 8–10. Plaintiff also claims he was falsely arrested and is being denied release on bond. *Id*. at 9, 12.

Plaintiff claims the "mental health staff" at the CCJ are denying him proper healthcare. Plaintiff does not provide the name of any of the staff at the CCJ, including medical staff. The only defendants he provides names for are Law Enforcement Officers involved in his arrest. Plaintiff has not specified which defendants at the CCJ denied him what treatment for what ailment on what occasion. Plaintiff seeks relief in the form of "immediate medical and mental health OR Bond, drop all false charges, allow drug and mental health treatment and $1,000,000.00 in damages." *Id*. at 13.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . .

---

[1] Prior to filing the instant complaint on May 2, 2022, the court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Wilmoth v. Payne*, Case No. 2:21-cv-00076-KGB-JJV, Doc. 7 (E.D. Ark. August 26, 2021) (citing *Wilmoth v. Norris,* 5:05-cv-00018-JMM (E.D. Ark. Feb. 15, 2005); *Wilmoth v. Norris,* 5:05-cv-00163-SWW (E.D. Ark. Jun. 21, 2005); *Wilmoth et al. v. Prunty*, 5:13-cv-00060-SWW (E.D. Ark. May 23, 2013)).

is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed *in forma pauperis* in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 24, 2022,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated May 4, 2022, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.